```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JOYCE ANN MCCALLISTER,

    Plaintiff,

v.                                 CIVIL ACTION NO: 2:12-01431

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

    Defendant.


### MEMORANDUM OPINION AND ORDER

On May 7, 2012, plaintiff instituted this action seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C.A. § 405(g).  The sole issue before the court is whether the decision denying plaintiff's claim for income and benefits is supported by substantial evidence.  See 45 U.S.C.A. § 405(g).

By standing order this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge.  On September 3, 2013, the magistrate judge filed his Proposed Findings and Recommendation ("PF&R").  In the PF&R, the magistrate recommends that the Commissioner's final decision be affirmed and this matter dismissed from the docket.

On September 17, 2013, plaintiff filed her objections. First, plaintiff asserts that the administrative law judge ("ALJ") improperly concluded that the plaintiff is physically capable of performing sedentary work. Second, plaintiff asserts that the ALJ improperly concluded that the plaintiff is capable of performing sustained work activities. Third, plaintiff asserts that the ALJ improperly failed to ask the vocational expert if her testimony was consistent with the Dictionary of Occupational Titles ("DOT").

Respecting the first and second challenges, the plaintiff contends that the ALJ's finding that the plaintiff is capable of performing sustained, sedentary work was improper because the plaintiff has reaching limitations, suffers from chronic diarrhea, and needs to take frequent bathroom breaks during the day as a result of her diarrhea.

The ALJ specifically determined that the plaintiff could not perform overhead reaching, and incorporated this reaching limitation into his decision. In his colloquy with the vocational expert, the ALJ asked:

> Q . . . . If I were to assume that such an individual were limited to performing sedentary work, but can never perform climbing of ladders, ropes, or scaffolds or crawling. Who can occasionally perform balancing, kneeling, stooping, crouching, and climbing of ramps and stairs. Who must avoid concentrated exposure to

2

>  extreme cold, extreme heat, fumes, odors, dusts, gases, and poor ventilation[, and] hazards such as heights and machinery.  <u>Who can perform no overhead reaching</u>.  Who is limited to understanding, remembering and carrying out simple instructions and to only occasional[ly] interact with the public.  Based on those limitations, would there be any occupations such a person could perform?
>
>  A Based on that hypothetical, yes, Your Honor, I would be able to list work for such a person.  Under sedentary work, order clerk, . . . surveillance systems monitor, . . . [and] patcher.
>
>  . . .
>
>  Q Is your testimony consistent with the [DOT]?
>
>  A Yes, Your Honor.

Admin. Rec. at 60-61 (emphasis added).  In his decision, the ALJ reiterated that the plaintiff cannot perform overhead reaching, <u>id.</u> at 22, but concluded, consistent with the vocational expert's testimony, that the plaintiff retained the residual functional capacity required to perform the jobs of order clerk, surveillance system monitor, and patcher, <u>id.</u> at 29.  Accordingly, the ALJ's finding that the plaintiff is capable of performing sustained, sedentary work despite her reaching limitations is supported by substantial evidence.

      The ALJ also questioned the plaintiff extensively regarding the condition of her bowels, <u>id.</u> at 47-48, but concluded that "there [were] no objective findings of record to support" the allegation that the plaintiff suffered from chronic

diarrhea, id. at 20.  Accordingly, the ALJ concluded that chronic diarrhea did not impair the plaintiff's ability to perform sustained, sedentary work.  As the ALJ noted, the plaintiff underwent a colonoscopy and stool testing which yielded normal findings.  Id.  The record also indicates that on June 8, 2011, Dr. Rogelio Lim conducted a residual functional capacity assessment of the plaintiff and concluded that her diarrhea was "not disabling."  Id. at 472-73.  Finally, in December 2011 the plaintiff was examined by Dr. Steven Matulis, who noted that the plaintiff's "[b]owel sounds were normal."  Id. at 791.  Dr. Matulis also conducted a fluoroscopic exam using barium to visualize the functioning of the plaintiff's bowels and digestive tract.  That examination showed "no evidence of inflammation or bowel obstruction."  Id. at 792-93.  Accordingly, the ALJ's conclusion that "the [plaintiff] has no severe impairment relating to her bowels," id. at 21, is supported by substantial evidence.

   Respecting the third challenge, the ALJ engaged in two relevant colloquies with the vocational expert regarding the DOT.  The ALJ first ensured that the vocational expert was aware of her obligation to inform the court of any conflicts between her testimony and the DOT:

> Q Do you understand that if you give us an opinion
> which conflicts with information the [DOT] that you
> need to advise us of the conflict and the basis for
> your opinion?
>
> A Yes, Your Honor.

Id. at 24.  The ALJ then specifically asked whether the vocational expert's testimony concerning work suitable for the plaintiff was consistent with the DOT:

> Q Is your testimony [concerning the plaintiff's
> ability to perform the jobs of order clerk,
> surveillance systems monitor, and patcher] consistent
> with the [DOT]?
>
> A Yes, Your Honor.
>
> Q If I were to add . . . that such a person would need
> a sit/stand option and was limited to sitting for 25-
> minutes at a time and standing for 20-minute at a
> time, could such a person perform [the occupations of
> order clerk, surveillance systems monitor, patcher] or
> other occupations?
>
> A Yes, Your Honor, in my opinion although the DOT does
> not recognize stand option, these jobs would allow for
> it.

Id. at 25-26.  Thus, the ALJ specifically confirmed those portions of the vocational expert's testimony which were consistent with the DOT, and the vocational expert herself noted one aspect of her testimony, based upon her own opinion, which was potentially in conflict with the DOT.  In his written decision, the ALJ then subsequently confirmed that he had "determined that the vocational expert's testimony [was]

5

consistent with the information contained in the [DOT]."  Id. at 29.  In sum, the ALJ made the vocational expert aware of her obligation to inform the ALJ of any conflicts between her testimony and the DOT, specifically asked the vocational expert if her testimony was consistent with the DOT, and ultimately confirmed in his written opinion that the vocational expert's testimony upon which he relied was consistent with the DOT.

For the reasons stated, and having reviewed the record de novo, the court ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted and incorporated herein;

2. That the Commissioner's final decision be, and it hereby is, affirmed;

3. That judgment be, and it hereby is, granted in favor of the Commissioner; and

4. That this civil action be, and it hereby is, dismissed and stricken from the docket.

**The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.**

DATED: September 30, 2013

John T. Copenhaver, Jr.
United States District Judge